UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Yohan Eun,<br><br>       Plaintiff,<br>v.<br><br>Samsung Electronics America, Inc.,<br><br>       Defendant, | Index No. 24-cv-10859<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Yohan Eun ("Plaintiff"), by and through his undersigned counsel, as and for his Complaint in this action against Samsung Electronics America, Inc., alleges as follows:

## I.  Introduction

1. Plaintiff has initiated this action against Samsung Electronics America, Inc., (hereinafter "Defendant") for violations of Title VII of the Civil Rights Acts of 1964 ("Title VII" – 42 U.S.C. Section 2000e *et seq*) and the New Jersey Law Against Discrimination ("NJ LAD" – N.J.S.A. 10:5-2 *et seq*). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## II.  Jurisdiction and Venue

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

4.   Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III.   Parties

5.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.   Plaintiff Yohan Eun is an adult who resides in the state of New Jersey.

7.   Plaintiff is a Korean-American male whose national origin stems from the United States.

8.   Plaintiff has worked at Samsung Electronics America, Inc., for over 8 years.

9.   Samsung Electronics America, Inc. ("SEA") is a subsidiary of the globally renowned South Korean multinational technology company, Samsung Electronics. SEA operates multiple offices across the United States.

10.  Defendant conducts business as a corporation in the State of New Jersey, with service of process available at 85 Challenger Road, Ridgefield Park, NJ 07660.

11.  Defendant hires Korean-American employees across the United States, while Samsung Electronics in South Korea dispatches a select number of expatriate employees to Defendant.

12.  The majority of Defendant's expatriate employees are of Korean national origin, rather than from the United States or other countries.

13. Defendant is composed of multiple teams, including the Consumer Electronics Division's Business Management Team ("CE BM team") and the North America Headquarter Business Management Team ("NAHQ BM team").

14. Jae Hyun Lee is a CE BM team's hiring manager and he is an expatriate employee.

15. Seuk (Caleb) Kim is a NAHQ BM team manager and he is an expatriate employee.

16. Defendant's Chief of Financial Officer ("CFO"), Mr. Kang Wook Cho, is also an expatriate employee.

17. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of its employment with and for the benefit of Defendant.

### IV. Factual Background

18. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19. During Plaintiff's time at CE BM team from June 2023 to June 2024, he was primarily assigned to backup tasks that were isolated from the team's collaborative work.

20. In April 2024, Plaintiff was assigned to handle Digital Appliance Business Issue reporting which required Plaintiff to work outside the normal business hours.

21. When Plaintiff requested training to effectively handle his job duties, he was, instead, substituted by another employee.

22. During Plaintiff's time with the CE BM team, Defendant's employees repeatedly tried to set Plaintiff up with a female colleague, Monica Lee, despite Plaintiff's repeated refusals, forcing unwanted personal interactions that amounted to sexual advances. For example:

(a) Employees falsely confined Monica and Plaintiff in a car, attempting to create an unwelcome sexual environment between them and observe from outside.

(b) Employees mocked the Plaintiff on a specific date, suggesting that if he were to become sexually involved with Monica on certain date, their anniversary would fall on the next Christmas.

23. Plaintiff consistently refused and raised complaints with the employees on the CE BM team regarding their sexual harassment, urging them to stop creating unwanted sexual advances between him and Monica Lee.

24. Employees at CE BM team started to exclude Plaintiff from both ongoing and/or future work projects within the team after he raised his voice against their sexual harassment.

25. Employees at CE BM team even started to exclude Plaintiff from everyday conversation within the team after he raised his voice against their sexual harassment.

26. In December 2023 and January 2024, Plaintiff, again, reported discrimination, retaliation, disparate treatment, and sexual harassment to upper management and the Human Resources ("HR") department. However, HR took no action in response to these complaints.

27. On May 23, 2024, after Plaintiff requested a transfer to another unit, NAHQ BM team manager Seuk (Caleb) Kim and CFO Kang Wook Cho offered him a position at NAHQ BM. Plaintiff declined the offer, as he wanted to avoid further encounters with Business Management ("BM") team employees due to their sexual harassments.

28. On June 11, 2024, when Plaintiff secured an interview with teams other than BM, CE BM team's hiring manager, Jae Hyun Lee, disclosed that Mr. Kang Wook Cho would not

allow any transfers within Samsung and there would be no future career opportunities for Plaintiff within Samsung because he had declined the expatriate executive officer's offer.

29. On June 24, 2024, Mr. Cho warned Plaintiff in person that his entire career path could be ruined if he continued to oppose the CFO.

30. Mr. Cho also warned Plaintiff that he had requisite power as an expatriate executive officer to ruin Plaintiff's career.

31. To avoid further threats and disputes, Plaintiff agreed to work at NAHQ BM.

32. Mr. Cho insisted Plaintiff to write a voluntary "Pledge Letter" that included two conditions: (1) NAHQ BM team will be Plaintiff's last team at SEA and Plaintiff will not attempt to transfer to another team, and (2) Plaintiff will not request severance pay when he leaves the NAHQ BM team.

33. NAHQ BM team's hiring manager, Sang Hyuk Kim, informed Plaintiff that existing employees might be favored, and Plaintiff would need to work harder to restore his reputation, as upper management did not want him on the team.

34. During the time at NAHQ BM team, Plaintiff's manager Seuk (Caleb) Kim publicly criticized Plaintiff for (1) bypassing Seuk to communicate directly with the CFO, (2) forwarding his confirmed PTO schedule to the new team without coordinating with the new team members, and (3) failing to inform Seuk that he was clocking out when Seuk was in a late-night meeting with teams in South Korea.

35. During Plaintiff's time at NAHQ BM team, Plaintiff was subjected to disparate and discriminatory treatment as a retaliatory measure for Plaintiff's initial decline to work at NAHQ BM team. For example:

    (a)    The team's senior manager, Seuk (Caleb) Kim, deliberately extended Plaintiff's work hours beyond normal business hours by delaying his discharge with unjustified reasons, such as: assigning last-minute tasks, postponing reviews without explanation, and calling Plaintiff back for non-urgent tasks.

    (b)    Mr. Seuk (Caleb) Kim deliberately deprived Plaintiff of lunch hours by calling him back to the office for non-urgent tasks.

    (c)    On July 8, 2024, Mr. Seuk (Caleb) Kim directed that a team's shared printer be placed on Plaintiff's desk, causing inconvenience, excessive noise, and limiting Plaintiff's workspace.

36. Plaintiff again requested Defendant's upper management and HR to address the discriminatory and retaliatory issues happened at NAHQ BM team, but no action was taken.

37. Plaintiff submitted a request to resign because he could no longer endure such discrimination, retaliation, and a hostile work environment.

38. After realizing that Plaintiff intended to resign, NAHQ BM team manager Seuk (Caleb) Kim yelled at Plaintiff in person, berating him for his 'disloyalty' and 'betrayal' to the team, the manager, and the CFO.

39. On July 30, 2024, CFO Kang Wook Cho confronted Plaintiff directly, demanding that he resign immediately and leave the building, claiming he could not tolerate Plaintiff's "disrespect."

40. As a result of the foregoing, Plaintiff filed a Charge of Discrimination with the EEOC on or about November 19, 2024.

41. Plaintiff's EEOC Charge of Discrimination was sent to Defendant.

42. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and less treated favorably because of his national origin and/or in retaliation for his complaints of national origin discrimination.

## Count I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [1] Sex Discrimination

43. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

44. Defendant's conduct regarding sexual harassment as alleged at length herein deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as employee because of his sex.

45. During the Plaintiff's employment at CE BM team, Defendant engaged in discrimination based on sex, by engaging in consistent sexual harassment within the workplace in violation of Title VII of the Civil Rights Act of 1964.

46. Plaintiff should and/or would not have been subjected to such sexual harassment but for his gender as a male.

## Count II
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [2] National Origin Discrimination

47. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

48. Defendant's conduct during Plaintiff's time at NAHQ BM team as alleged at length herein deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee because of his national origin.

49. During the last 11 months of Plaintiff's employment at NAHQ BM team, Defendant engaged in discrimination based on national origin, treating Plaintiff less favorably than similarly situated employees who were not Korean-American, in violation of Title VII of the Civil Rights Act of 1964.

50. Plaintiff would not have been subjected to discriminatory treatment by Defendant but for his national origin.

51. Defendant's unlawful employment practices were conducted intentionally, with malice or with reckless indifference to Plaintiff's federally protected rights.

## Count III
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [3] Hostile Work Environment

52. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

53. The hostile work environment created by Defendant's sexual harassment, national origin discriminations, retaliations, and disparate treatments were severe and/or pervasive and violated Plaintiff's right under Title VII.

54. As a direct result of the hostile work environment that existed during Plaintiff's employment with Defendant, Plaintiff sustained conscious pain and suffering, great mental distress, shock, fright, and humiliation.

## Count IV
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [4] Retaliation

55. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

56. Plaintiff complained and commented of the aforesaid discriminatory/retaliatory treatment and sexual harassments to Defendant's upper management and HR department.

57. In response to Plaintiff's complaint, Defendant failed to address or remedy the ongoing discriminatory and retaliatory conditions and/or sexual harassments, but rather Defendant's upper management and HR department subjected him to increased hostility and animosity, instead of meaningfully investigating Plaintiff's complaints.

### Count V
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [5] Constructive Discharge

58. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

59. Defendant deliberately rendered Plaintiff's working conditions intolerable with the intent of forcing Plaintiff to leave his employment.

60. As a result of Defendant's unlawful actions, Plaintiff was constructively discharged from his employment.

### Count VI
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
### ([1] Sex Discrimination [2] National Origin Discrimination, [3] Hostile Work Environment; [4] Retaliation; [5] Constructive Discharge)

61. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

62. Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I through COUNT V of the instant Civil Action Complaint, as such actions constitute identical violations of the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

a. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom(s) of discriminating, retaliating against employees, fostering a hostile work environment, or constructively discharging employees. Defendant shall also be ordered to promulgate and enforce an effective policy against such discrimination, retaliation, hostile work conditions, and constructive discharges, ensuring strict adherence moving forward.

b. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay (absent reinstatement), salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered the aforesaid unlawful actions at the hands of Defendant until the date of verdict;

c. Plaintiff is to be awarded punitive or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

d. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress and pain and suffering);

e. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

f.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

g.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: December 2, 2024

    /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com